UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BENOIT ROME, III, REBECCA ROME, LOUIS PARKS, MELISSA PARKS | CIVIL ACTION |
| v. | No. 10-2068 |
| ENTERGY LOUISIANA, LLC, ET AL | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendants' motion to dismiss or in the alternative to require substitution of plaintiffs.  The plaintiffs oppose the defendants' motion to dismiss but agree that substitution of the bankruptcy trustee is warranted.  For the reasons that follow, the defendants' motion is DENIED, in part, insofar as they seek dismissal, but the defendants' motion is GRANTED, in part, insofar as they seek to require substitution of plaintiffs.[1]

Background[2]

On August 15, 2009, the plaintiffs' boat collided with power lines owned by the defendants.  The plaintiffs claim personal

---

[1] The Court agrees that the plaintiffs' should be given 30 days to substitute the bankruptcy trustee into the action.

[2] For the purposes of this motion, the Court assumes the truth of the plaintiffs' allegations.

1

injuries and other damages.  On June 1, 2010, Louis and Melissa Parks, two of the four plaintiffs, filed bankruptcy under Chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court.  The Parks did not list any claims on their schedule of assets and liabilities.  On July 23, 2010, while their bankruptcy case was still pending, the Parks sued Entergy Louisiana, L.L.C. and Energy Gulf States Louisiana, L.L.C., but neglected to update or list the claims on any bankruptcy schedule or pleading.  On August 8, 2010, the bankruptcy trustee, who was apparently unaware of this pending lawsuit, filed a memo to the record stating that Mr. and Mrs. Parks had no assets to distribute and abandoned all scheduled assets as exempt or too low in value. On September 9, 2010, the Parks got a discharge and the bankruptcy proceeding was closed on September 13, 2010.  The defendants now seek dismissal of the Parks' lawsuit or alternatively request substitution of the plaintiffs.  The day after the defendants' motion was filed, on June 8, 2011, the trustee filed a motion to re-open Mr. and Mrs. Parks' bankruptcy proceedings and appoint a trustee.  On June 10, 2011, the motion was granted.

I.

Law and Analysis

When the Parks filed for bankruptcy, all legal interests that existed as of the date of the filing became property of the estate.

2

11 U.S.C. § 541(a)(1).  As the plaintiffs' claim arose almost one year before they filed for bankruptcy, their interest in the claim is property of the estate and, thus, the Chapter 7 trustee has standing to bring the action.  <u>In re Educators Grp. Health Trust</u>, 25 F.3d 1281, 1284 (5th Cir. 1994).

The defendants contend that the cause of action should be dismissed or in the alternative the trustee should be substituted as plaintiff.  The plaintiffs oppose dismissal but agree that the trustee is the proper party to prosecute the action.  The plaintiffs request that the Court allow 30 days for the trustee to be substituted into the action.

Federal Rules of Civil Procedure Rule 17(a) states: "The court may not dismiss an action for failure to prosecute in the name of the real party in the interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  The plaintiffs assert that 30 days is a reasonable amount of time for the trustee to  be substituted as plaintiff.  The Court agrees.  Rule 17(a) instructs that the rule was added "in the interests of justice" and "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made."  FED R. CIV. P. 17(a) advisory committee's note. Further, dismissing the action or providing an insufficient amount

of time for the trustee to be substituted into the action could
have an adverse affect on Mr. and Mrs. Parks' creditors.  <u>See</u>
<u>Weiburg v. GTE Sw. Inc.</u>, 272 F.3d 302, 309 (5th Cir. 2007) (The
Fifth Circuit held that despite seven months passing during which
time the plaintiff could have had the bankruptcy trustee joined,
substituted or ratified, it was an abuse of discretion for the
district court to dismiss the action "without explaining why the
less drastic alternatives . . . were inappropriate," especially
given the goals of Rule 17(a) and the affect the district court's
order would have on the plaintiff's creditors.).

    Accordingly, the defendants' motion is DENIED in part, insofar
as they seek dismissal, but the defendants' motion is GRANTED, in
part, insofar as they seek to require substitution of plaintiffs.
The plaintiffs have 30 days to effect substitution.

    New Orleans, Louisiana, June 20, 2011.

_____
MARTIN L. C. FELDMAN
UNTIED STATES DISTRICT JUDGE

4